Benjamin Luna GARCIA; Rosalia Luna, aka Rosalva Luna, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–72593.

Agency Nos. A75–485–198, A75–485–199.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Benjamin Luna Garcia, Palmdale, CA, Pro Se.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, S. Nicole Nardone, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Benjamin Luna Garcia and his wife, Rosalia Luna, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reconsider. Where we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

On February 27, 2001, the immigration judge ("IJ") denied the petitioners' applications for cancellation of removal. The petitioners timely appealed this decision to the BIA and on October 15, 2002, the BIA affirmed. The petitioners then timely filed a motion to reconsider with the BIA. On June 18, 2003, the BIA denied the motion to reconsider as to Rosalia and on September 5, 2003, issued a separate but identical decision denying the motion to reconsider as to Benjamin. On July 14, 2003, the petitioners filed this petition for review.

We lack jurisdiction to consider the BIA's initial order affirming the IJ's deci-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sion denying cancellation of removal, as petitioners did not file a petition for review within 30 days of that order. *See* 8 U.S.C. § 1252(b)(1).

The instant petition for review is timely as to the BIA's order denying petitioners' motion to reconsider as to Rosalia.[1]  *Id.*

The equal protection challenge to the Nicaraguan and Central American Relief Act ("NACARA"), set forth in the opening brief, is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States.'"). The due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

The opening brief does not challenge the BIA's order denying reconsideration, so we do not review that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues which are not specifically raised and argued in a party's opening brief are waived).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

**1.** We lack jurisdiction to review the order denying petitioners' motion to reconsider as to Benjamin, as that order, although identical, was issued after the instant petition for review was filed.

